# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALENA ZEPEDA GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO DETENTION FACILITY, et al.,<br><br>Respondents. | CASE NO. 5:26-cv-01668-SK<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE (ECF 5)** |

Petitioner is a noncitizen detainee who filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 6, 2026, alleging that her present detention is unlawful and demanding release or, alternatively, a bond hearing.  (ECF 1).  Simultaneously, Petitioner filed an ex parte application for temporary restraining order seeking the same relief.  (ECF 5).  But "judgment on the merits in the guise of preliminary relief is a highly inappropriate result."  *Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992); *see Mendez v. U.S. Immigr. & Customs Enf't*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing request for emergency equitable relief where the relief sought was "not 'temporary' or 'preliminary' but rather … the same ultimate relief" sought on the merits); *cf. Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (holding it "inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits").

Whether Petitioner's present confinement is lawful is the core merits

question in the habeas petition and is best resolved through the expedited merits review established by General Order 26-05.  That process is itself the structural remedy designed to address the equitable concerns described in the application for temporary restraining order.  *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008).  Therefore, Petitioner's request for immediate release from custody through the application for temporary restraining order is DENIED WITHOUT PREJUDICE.  Nothing in that order, however, is intended to foreshadow the Court's view on the merits of the petition, including whether the appropriate remedy—if the petition were granted—should be a custody hearing, unconditional release, or a conditional writ.  Those questions are best resolved via a merits adjudication under the expedited schedule.

This order remains in effect until final disposition of the petition or further order of the Court.


IT IS SO ORDERED.


DATED: <u>April 13, 2026</u>

STEVE KIM
United States Magistrate Judge

2