**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAGDALENA ZEPEDA GOMEZ,<br>Petitioner,<br>v.<br>WARDEN, *et al.*,<br>Respondents. | Case No. 5:26-cv-01668-SK<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>A-File No. 200-284-122 |

Petitioner Magdalena Zepeda Gomez was ordered detained at a six-month prolonged detention *Rodriguez* hearing held on September 25, 2026. At that hearing, Respondents bore the burden of proving by clear and convincing evidence that Petitioner must be detained beyond the six-month mark based on flight risk or danger to the public. Though the immigration judge found that Petitioner posed no public danger, he still ordered Petitioner detained based on flight risk. But a review of the record reveals that the immigration judge failed to require that Respondents meet their clear-and-convincing burden of proof as to flight risk. As a result, the *Rodriguez* hearing was tainted by legal error. *See Fan v. Bondi*, 2026 WL 2276462, at *7 (C.D. Cal. Aug. 6, 2026) ("A pure question of law—such as whether the government or the noncitizen bears the burden of proof—is naturally reviewed de novo.").

This is not the sort of administrative error that would benefit from exhaustion in the BIA. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Whether an immigration judge is strictly complying with the *Rodriguez* burden-shifting framework that has been in place (uniquely) in this district for years now—as a result of a districtwide injunction, rather than agency procedures or precedents—is not the type of

issue that needs further BIA review or blessing. Nor could the BIA say or do anything to alter that burden-shifting framework, which presents a pure legal question. *See*, *e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). And having carefully reviewed the record in this particular case, it is hard to see anyway how any reasonable adjudicator could find—by clear and convincing evidence—that Petitioner poses a flight risk based on the established facts.[1] *See Fan*, 2026 WL 2276462, at *7-8. Nothing in this order is intended to suggest, however, that a different factual record—with no overriding legal error—wouldn't yield a different case-specific outcome, especially under a lower preponderance standard of proof.

* * *

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Petitioner MAGDALENA ZEPEDA GOMEZ (A# 200-284-122) is ordered released from ICE custody forthwith under a written order of supervision (OSUP) in compliance with 8 U.S.C. § 1231(a)(3). Judgment in Petitioner's favor will be entered accordingly.

This court retains jurisdiction to enforce its order and judgment if Respondents revoke Petitioner's OSUP and re-detain her in violation of the Immigration and Nationality Act or their agency regulations prescribing the procedures for valid OSUP revocation. *See* 8 C.F.R. §§ 241.4(l), 241.13(i); *see also Cheng v. Warden of Adelanto ICE Proc. Ctr.*, --- F. Supp. 3d ---, 2026 WL 2629685 (C.D. Cal. Sept. 7, 2026).

IT IS SO ORDERED.

Dated: October 27, 2026

STEVE KIM
United States Magistrate Judge

[1] Indeed, not only does it appear that Respondents misunderstood the state of Petitioner's prior and current withholding proceedings, but the immigration judge also appears to have relied on that mistaken understanding.